## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GEORGE ASSAD, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. _____ |
| FELCOR LODGING TRUST INCORPORATED, THOMAS J. CORCORAN, JR.,  MARK D. ROZELLS, GLENN A. CARLIN, ROBERT F. COTTER, PATRICIA L. GIBSON, DANA K. HAMILTON, CHRISTOPHER J. HARTUNG,  CHARLES A. LEDSINGER, JR.,  ROBERT H. LUTZ, JR., STEVEN R. GOLDMAN, FELCOR LODGING LIMITED PARTNERSHIP, RLJ LODGING TRUST, RLJ LODGING TRUST, L.P., RANGERS SUB I, LLC, and RANGERS SUB II, LP, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED  CLASS ACTION |
| Defendants. | ) ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on April 24, 2017 (the "Proposed Transaction"), pursuant to which FelCor Lodging Trust Incorporated ("FelCor" or the "Company") will be acquired by RLJ Lodging Trust and its affiliates (collectively, "RLJ").

2.      On April 23, 2017, FelCor's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with FelCor Lodging Limited Partnership, RLJ Lodging Trust, RLJ Lodging Trust,

L.P., Rangers Sub I, LLC, and Rangers Sub II, LP.  Pursuant to the terms of the Merger Agreement, each outstanding share of common stock of FelCor will be converted into the right to receive 0.362 common shares of beneficial interest of RLJ, and each share of $1.95 Series A cumulative convertible preferred stock of FelCor will be converted into the right to receive one share of newly created Series A cumulative convertible preferred shares of RLJ.

3.      On June 2, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of FelCor common stock.

9.      Defendant FelCor is a Maryland corporation and maintains its principal executive offices at 125 E. John Carpenter Frwy. Suite 1600, Irving, Texas 75062.  FelCor's common stock is traded on the NYSE under the ticker symbol "FCH."

10.      Defendant Thomas J. Corcoran, Jr. ("Corcoran") has served as a director of FelCor since 1994 and as Chairman of the Board since February 2006.

11.      Defendant Mark D. Rozells ("Rozells") has served as a director of FelCor since March 2008.

12.      Defendant Glenn A. Carlin ("Carlin") has served as a director of FelCor since May 2009.

13.      Defendant Robert F. Cotter ("Cotter") has served as a director of FelCor since July 2006.

14.      Defendant Patricia L. Gibson ("Gibson") has served as a director of FelCor since March 2016.

15.      Defendant Dana K. Hamilton ("Hamilton") has served as a director of FelCor since March 2016.

16.      Defendant Christopher J. Hartung ("Hartung") has served as a director of FelCor since November 2010.

17.      Defendant Charles A. Ledsinger, Jr. ("Ledsinger") has served as a director of FelCor since November 1997.

18.      Defendant Robert H. Lutz, Jr. ("Lutz") has served as a director of FelCor since

July 1998.

19.     Defendant Steven R. Goldman ("Goldman") is a director of FelCor and has served as Chief Executive Officer ("CEO") since February 2017.

20.     The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21.     Defendant FelCor Lodging Limited Partnership is a Delaware limited partnership and a party to the Merger Agreement.

22.     Defendant RLJ Lodging Trust is a Maryland real estate investment trust and a party to the Merger Agreement.

23.     Defendant RLJ Lodging Trust, L.P. is a Delaware limited partnership and a party to the Merger Agreement.

24.     Defendant Rangers Sub I, LLC is a Maryland limited liability company, a wholly-owned subsidiary of RLJ Lodging Trust, L.P., and a party to the Merger Agreement.

25.     Defendant Rangers Sub II, LP is a Delaware limited partnership and an indirect wholly-owned subsidiary of RLJ Lodging Trust, L.P., and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of FelCor (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

27.     This action is properly maintainable as a class action.

28.     The Class is so numerous that joinder of all members is impracticable.  As of April 21, 2017, there were approximately 138,421,154 shares of FelCor common stock and 12,879,475 shares of Company Series A preferred stock outstanding, held by hundreds, if not

thousands, of individuals and entities scattered throughout the country.

29.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

30.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

31.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

32.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

33.     FelCor is a Maryland corporation operating as a real estate investment trust ("REIT").  FelCor is the sole general partner of, and the owner of a greater than 99.5%

partnership interest in, FelCor Lodging Limited Partnership through which it held ownership interests in 39 hotels with 11,500 rooms at December 31, 2016.

34.     The Company's core portfolio consists primarily of upper-upscale and luxury hotels located in major markets and resort locations that have dynamic demand generators and high barriers-to-entry.  FelCor sells, acquires, rebrands, and redevelops hotels to increase its return on invested capital, improve overall portfolio quality, enhance diversification, and improve growth rates.

35.     The Company has continued to make progress towards achieving its strategic objectives in 2016.  Among other things, Felcor:

- sold two hotels in 2016 for $108 million total gross proceeds;

- reduced its consolidated debt by $74 million and leverage ratio from 6.0x at December 31, 2015 to 5.6x at December 31, 2016, and, as a result, Moody's upgraded FelCor's corporate credit rating in 2016;

- renovated two hotels (Embassy Suites - Dallas Love Field and Embassy Suites - Orlando International Drive South/Convention Center) and began redeveloping two resort properties (The Vinoy Renaissance St. Petersburg Resort & Golf Club and Embassy Suites Myrtle Beach-Oceanfront Resort), which included the construction of significant enhancements and improvements to our resort amenities;

- successfully completed negotiations with Hilton with respect to new management agreements for 18 of the Company's properties; and

- acquired the fee interest in the land at the Company's Wyndham Houston-Medical Center Hotel & Suites that was previously leased.

36.     On May 9, 2017, the Company issued a press release announcing its financial results for the first quarter ended March 31, 2017.  There, the Company reported same-store RevPAR of $142.15, adjusted FFO per share of $0.09, and same-store adjusted EBITDA of $40.1 million.  With respect to this news, FelCor's CEO, Goldman, stated: "Since our last earnings release, we have continued on our path to recognize and realize the value of our

portfolio for all our stockholders. . . .  Adjusted FFO per share and Adjusted EBITDA for the quarter were in line with our expectations and speak to the quality of our portfolio and its ability to withstand some challenging market conditions."

37.     Despite the Company's success and growth prospects, the Individual Defendants caused the Company to enter into the Merger Agreement, pursuant to which the Company will be acquired for inadequate consideration.

38.     The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

39.     Further, the Company must promptly advise RLJ of any proposals or inquiries received from other parties.

40.     Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants RLJ a "matching right" with respect to any "Superior Proposal" made to the Company.

41.     Further locking up control of the Company in favor of RLJ, the Merger Agreement provides for a "termination fee" payable by the Company to RLJ if the Individual Defendants cause the Company to terminate the Merger Agreement.

42.     By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

43.     The merger consideration to be provided to plaintiff and the Class in the Proposed Transaction is inadequate.  Among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

44.     Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, and future growth in profits and earnings.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

45.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

46.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

47.     First, the Registration Statement omits material information regarding the financial projections that were relied upon by FelCor's and RLJ's financial advisors in performing their valuation analyses in connection with the Proposed Transaction.

48.     For example, the Registration Statement discloses two different sets of projections for FelCor of "Adjusted EBITDA (excluding select assets)" and "Unlevered Free Cash Flow" for years 2017 through 2021.  Although the Registration Statement generally discloses that certain adjustments were made to each set of Adjusted EBITDA projections, it fails to disclose the line items and specific adjustments made to these projections.  Further, the Registration Statement fails to provide a reconciliation of these non-GAAP measures to GAAP metrics.

49.     Similarly, the Registration Statement discloses two different sets of projections for RLJ of "Adjusted EBITDA" and "Unlevered Free Cash Flow" for years 2017 through 2021, but it fails to disclose the line items and specific adjustments made to these projections.  The

Registration Statement also fails to provide a reconciliation of these non-GAAP measures to GAAP metrics.

50.     The full disclosure of FelCor's and RLJ's financial projections is necessary so that stockholders can better understand the Company's long-term standalone prospects, and because these projections were relied upon by FelCor's and RLJ's financial advisors to perform their valuation analyses.

51.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) "Certain RLJ Unaudited Prospective Financial Information"; (ii) "Certain FelCor Unaudited Prospective Financial Information"; (iii) "Opinion of RLJ's Financial Advisor"; and (iv) "Opinion of FelCor's Financial Advisor."

52.     Second, the Registration Statement fails to disclose material information relating to the valuation analyses of Merrill Lynch, Pierce, Fenner & Smith Incorporated ("BofA Merrill Lynch") and Barclays Capital Inc. ("Barclays"), the financial advisors to FelCor and RLJ, respectively, in connection with the Proposed Transaction.  When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

53.     With respect to each of BofA Merrill Lynch's and Barclays's comparable companies analyses, the Registration Statement fails to disclose the individual multiples and benchmarking statistics of each of the companies observed by BofA Merrill Lynch and Barclays in their respective analyses.

54.     Similarly, with respect to each of BofA Merrill Lynch's and Barclays's precedent

transactions analyses, the Registration Statement fails to disclose the individual multiples and benchmarking statistics of each of the transactions observed by BofA Merrill Lynch and Barclays in their respective analyses.

55.     With respect to each of BofA Merrill Lynch's and Barclays's discounted cash flow analyses, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates used by each banker; (ii) the bankers' bases for selecting and applying the terminal multiples used by each banker; and (iii) the perpetuity growth rates implied from each banker's analysis.

56.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) "Opinion of RLJ's Financial Advisor"; and (ii) "Opinion of FelCor's Financial Advisor."

57.     Third, the Registration Statement fails to disclose material information relating to potential conflicts of interest on the part of BofA Merrill Lynch and Barclays.

58.     The Registration Statement indicates that, on February 17 and April 21, 2017, BofA Merrill Lynch disclosed to the FelCor Board certain relationships between BofA Merrill Lynch, on the one hand, and FelCor, RLJ, and Ashford Hospitality Trust, Inc. ("AHT"), on the other hand, but it fails to disclose the nature of BofA Merrill Lynch's relationship with AHT, including any compensation earned from AHT in the past.

59.     In addition, the Registration Statement indicates that, on April 18, 2017, Barclays disclosed to the RLJ board of trustees certain material relationships between Barclays, on the one hand, and FelCor and RLJ, on the other hand, during the prior three years, but the Registration Statement fails to disclose the nature of Barclays's relationship with FelCor, including any compensation earned from FelCor in the past.

60.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.  This information is necessary so that stockholders can understand what incentives, if any, the financial advisors had when performing their valuation analyses.

61.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) "Opinion of RLJ's Financial Advisor"; and (ii) "Opinion of FelCor's Financial Advisor."

62.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to FelCor's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and FelCor

63.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  FelCor is liable as the issuer of these statements.

65.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

66.     The Individual Defendants were at least negligent in filing the Registration

Statement with these materially false and misleading statements.

67.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

68.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

69.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

70.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

**COUNT II**

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and RLJ**

71.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

72.     The Individual Defendants and RLJ acted as controlling persons of FelCor within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of FelCor and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

73.     Each of the Individual Defendants and RLJ was provided with or had unlimited

access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

74.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly in the making of the Registration Statement.

75.     RLJ also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

76.     By virtue of the foregoing, the Individual Defendants and RLJ violated Section 20(a) of the 1934 Act.

77.     As set forth above, the Individual Defendants and RLJ had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in

concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: June 26, 2017                     **LEVI & KORSINSKY LLP**

                                         By:   */s/ Donald J. Enright*
                                               Donald J. Enright (Bar No. 13551)
                                               Elizabeth K. Tripodi
                                               1101 30th Street, N.W., Suite 115
                                               Washington, DC 20007
                                               (202) 524-4290

                                               *Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
Gina M. Serra
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 3112
Berwyn, PA 19312
(484) 324-6800